NUMBER
13-96-119-CV

 

DELIA
RIOJAS  v.  ELSA STATE BANK AND MIKE TRIPPEL

 

     On appeal from the 206th District Court of
Hidalgo County, Texas.

 

                                   O P I N I O N

 

                     Before Justices Dorsey,
Hinojosa and Chavez

                                 Opinion by
Justice Hinojosa

 

This is an appeal from
a summary judgment entered against appellant, Delia Riojas.  By four points of error, appellant contends
that the trial court erred in granting the summary judgment because no special
exceptions to the sufficiency of her pleadings were filed, issues of material
fact remain, and the motion for summary judgment did not address one of her
causes of action.  We affirm.

                                                Factual
Background

In 1986, Riojas was
employed by the Elsa State Bank as a clerk in the note department.  In January 1991, Riojas became Mike Trippel=s secretary.  Riojas worked as Trippel=s secretary until
September 1993, when she sued the Bank and Trippel and left her
employment.  The Bank and Trippel
subsequently moved for summary judgment. 
Riojas responded[1]
and objected to the summary judgment evidence. 
The trial court granted the motion for summary judgment.

                                  Texas Rule
of Appellate Procedure 52








By her first point of
error, Riojas contends that the trial court erred in granting appellees= motion for summary
judgment because defects in pleadings should be addressed by special exceptions
and not by motion for summary judgment.

In their motion for
summary judgment, appellees pointed out defects in Riojas= petition.  Riojas objected and argued that any
insufficiency in her pleadings had to be pointed out by special exceptions and
not by motion for summary judgment.








Objections must be
presented to the trial court and ruled upon to preserve a complaint for
appellate review.  Tex. R. App. P. 52.  This rule applies to summary judgment
proceedings.  Roberts v. Friendswood,
886 S.W.2d 363, 365 (Tex. App.CHouston [1st Dist.]
1994, writ denied); Hopkins v. Highlands Ins. Co., 838 S.W.2d 819, 822
(Tex. App.CEl Paso 1992, no
writ).  Even if an objection is contained
in a party=s response to a motion
for summary judgment, failure to obtain a written ruling on the objection from
the trial court results in the waiver of the objection on appeal.  Camden Machine & Tool, Inc. v. Cascade
Co., 870 S.W.2d 304, 310 (Tex. App.CFort Worth 1993, no
writ).  The record contains no written
ruling on Riojas= objections, nor does
it reflect a request by Riojas for an opportunity to amend her petition.  As a result, Riojas waived her complaint on
appeal.  Tex. R. App. P. 52 (expressly requiring both objection and
ruling to avoid waiver of objection); see Kassen v. Hatley, 887 S.W.2d
4, 13-14 n.10 (Tex. 1994)(explaining applicability of Tex. R. App. P. 52 under similar circumstances); San
Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990).  Riojas=s first point of error
is overruled.

                     Riojas= Response to the
Motion for Summary Judgment

Issues not expressly
presented to the trial court by written motion, answer or other response shall
not be considered on appeal as grounds for reversal.  Tex.
R. Civ. P. 166a(c).  Issues that a
nonmovant contends avoid the movant=s entitlement to
summary judgment must be expressly presented by written response to the motion
and are not expressly presented by mere reference to summary judgment evidence.
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex.
1993).  If a nonmovant fails to present
any issues in his response, then on appeal he can only argue against the legal
sufficiency of the grounds presented by the movant.  Id. at 343.  These summary judgment pleading rules were
set out to prevent parties from asserting that grounds or issues were presented
somewhere in voluminous summary judgment evidence.  Id. at 343-44.

In Marchal v. Webb,
859 S.W.2d 408 (Tex. App.CHouston [1st Dist.]
1993, writ denied), the appellant responded to a motion for summary judgment by
pleading as follows:

In support of this reply, plaintiff incorporates
by reference hereto the current pleading of plaintiff, extracts from the sworn
oral deposition testimony of John Q. A. Webb, and extracted exhibits attached
thereto; extracts from the sworn oral deposition testimony of the plaintiff,
Diane M. Marchal, and extracted exhibits attached thereto.

 








Id. at 417 n.7. 
The court interpreted the attached references as evidence in support of
the issues specifically raised in appellant=s response and no
more.  Id. at 417.  To do otherwise would have forced the court
to analyze thirty-nine pages of deposition excerpts and speculate as to what
testimony should be applied to which issues and grounds the appellant could,
but did not expressly, raise.  Id.

After reviewing the
record in the instant case, we find that Riojas failed to state in her response
what issues or grounds avoid the appellees= motion for summary
judgment.  Riojas=s response states, in
relevant part, as follows:

There are genuine issues of material fact on all
grounds adduced as a basis for summary judgment as indicated by the depositions
of MIKE TRIPPEL (p. 33 1.6-11), VIRGINIA GUZMAN (p. 6-18), ADELITA TORRES (p.
9-11), MARY MORENO (p. 22), ALICIA DUARTE (p. 14), ROGER HEREDIA, M.D. (p. 14)
and DELIA RIOJAS (p. 115.1- p. 147 1.19) [sic] designated as discovery not
otherwise on file which will be used as summary judgment proof pursuant to
T.R.C.P. 166a(c) attached hereto as AExhibit A,@ AExhibit B,@ AExhibit C,@ AExhibit D,@ AExhibit E,@ AExhibit H@ and AExhibit I@ incorporated by
reference the same as if set forth fully and at length. The affidavit of DELIA
RIOJAS is attached hereto as AExhibit J@ and incorporated by
reference. 

 

Altogether, Riojas= exhibits total seventy-four pages of
material.  Riojas= attempt to
incorporate over seventy pages of deposition testimony and affidavits without
any expression of grounds, issues or specific references to relevant portions
of evidence is patently contrary to the provisions of Rule 166a(c) and the
rules for summary judgment pleadings.  Tex. R. Civ. P. 166a(c); see McConnell,
858 S.W.2d at 341, 343; Marchal, 859 S.W.2d at 417.  We need not and will not review the
voluminous summary judgment evidence Riojas attached to her response because we
cannot determine its purpose.[2]








                                                Standard
of Review 

In spite of Riojas=s failure to state any
express issues or grounds to defeat the motion for summary judgment, appellees
are not relieved of the burden to establish as a matter of law that they are
entitled to summary judgment.  McConnell,
858 S.W.2d at 342; City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979).  The
function of summary judgment is not to deprive a litigant of the right to a
full hearing on the merits of any real issue of fact but to eliminate patently
unmeritorious claims and untenable claims. 
See Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931
(Tex. 1952).  A motion for summary
judgment must stand or fall on the grounds expressed therein.  McConnell, 858 S.W.2d at 341; Freedom
Communications, Inc. v. Brand, 907 S.W.2d 614, 618 (Tex. App.CCorpus Christi 1995,
no writ).  If the grounds for summary
judgment are not expressly presented in the motion for summary judgment itself,
the motion is legally insufficient as a matter of law.  McConnell, 858 S.W.2d at 342; Freedom
Communications, 907 S.W.2d at 618. 
In determining whether grounds are presented, the Court cannot place
reliance on briefs or summary judgment evidence.  McConnell, 858 S.W.2d at 341.








The standards for
reviewing a motion for summary judgment are well established.  The movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and that he
is entitled to judgment as a matter of law. 
Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989); Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).  In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true.  Nixon,
690 S.W.2d at 549; Rios v. Texas Commerce Bancshares, Inc., 930 S.W.2d
809, 814 (Tex. App.CCorpus Christi 1996,
writ denied).  Every reasonable inference
must be indulged in favor of the nonmovant and any doubts resolved in his
favor.  Nixon, 690 S.W.2d at 549;
Rios, 930 S.W.2d at 814.

A defendant who moves
for summary judgment may meet the burden of showing that the plaintiff has no
cause of action by either (1) negating at least one essential element of each
theory of recovery, or (2) conclusively proving all of the elements of an affirmative
defense.  Wornick Co. v. Casas,
856 S.W.2d 732, 733 (Tex. 1993); H.S.M. Acquisitions, Inc. v. West, 917
S.W.2d 872, 877 (Tex. App.CCorpus Christi 1996,
writ denied).  If there are multiple
causes of action and the movant submits summary judgment evidence disproving at
least one element of a cause of action, then summary judgment should be granted
as to that issue.  Bradley v. Quality
Serv. Tank Lines, 659 S.W.2d 33, 34 (Tex. 1983); Tirres v. El Paso Sand
Prod., Inc., 808 S.W.2d 672, 674 (Tex. App.CEl Paso 1991, writ denied).  Once a movant establishes that he is entitled
to summary judgment, the burden shifts to the nonmovant to show why summary
judgment should be avoided.  Casso,
776 S.W.2d at 556; Neuhaus v. Richards, 846 S.W.2d 70, 77 (Tex. App.CCorpus Christi 1992,
writ dism=d judgm=t cor.).








In the instant case,
the order granting the motion for summary judgment does not state the specific
grounds on which it was granted. 
Therefore, the summary judgment must be affirmed if the appellees
sustain their burden of proof on any of their theories.  See Matlock v. Kittleman, 865
S.W.2d 543, 544 (Tex. App.CCorpus Christi 1993,
no writ).

                       Constructive
Discharge and Public Policy Exceptions

                                      Under Sabine Pilot and
Johnston

 

By her second point of
error, Riojas complains that the trial court erred in granting appellees= motion for summary
judgment because the record contains evidence raising fact issues on all
elements of her wrongful discharge cause of action that bring her within the
protection of the exceptions to the employment-at-will doctrine carved out in Sabine
Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985), and Johnston v.
Del Mar Distrib. Co., 776 S.W.2d 768 (Tex. App.CCorpus Christi 1989,
writ denied).  Riojas contends that she
was wrongfully discharged by the Bank because she questioned the legality of
certain acts she was instructed to perform, expressed opposition to them, and
refused to participate in them.  Riojas
contends that, in retaliation for her conduct, appellees drove her to resign Aunder pressure@ by subjecting her to
intolerable working conditions.  She
argues that public policy makes wrongful discharge for such reasons unlawful.

Appellees= motion for summary
judgment showed (1) that Riojas had questioned certain deviations from internal
policies, not the violation of laws, (2) that no intolerable workplace
conditions existed, and (3) that Riojas resigned voluntarily.








Riojas=s cause of action for
wrongful discharge actually embraces two component parts, allegations of
constructive discharge due to intolerable working conditions and allegations of
public policy violations leading to constructive discharge.  We will consider the public policy issue
first.

All parties agree that
there was no employment contract setting a definite term for Riojas= employment.  Texas has long recognized the
employment-at-will doctrine under which employees hired for indefinite terms
may be terminated with or without cause. 
East Line & R.R.R. v. Scott, 72 Tex. 70, 75, 10 S.W. 99, 102
(1888).  Only a few, very narrow
exceptions have been created, judicially or by statute.[3]








In Sabine Pilot,
the appellant, Hauck, was ordered to pump a ship=s bilges into the water.  687 S.W.2d at 734.  Before he carried out his assignment, Hauck
read a posted notice announcing that such acts were illegal.  Id. 
He contacted the Coast Guard which confirmed the illegality of the
conduct he was directed to perform.  Id.  Hauck refused to carry out the task and was
subsequently terminated.  Id.  The Texas Supreme Court found that, for
reasons of public policy, a narrow exception to the well-established doctrine
of employment-at-will was justified.  Id.
at 735.  Sabine Pilot requires a
showing that (1) the complainant was discharged, and (2) the sole reason
for the discharge was refusal to perform on behalf of the employer an illegal
act carrying criminal penalties.  Id.  The court placed the burden on the complainant
to show that his discharge was for no other reason than his refusal to perform
an illegal act.[4]  Id.

In Johnston, we
slightly extended the exception.  Johnston,
776 S.W.2d at 769.  We held that the
public policy underlying the decision in Sabine Pilot similarly forbade
the discharge of an employee who, in good faith, contacted a regulatory agency
to determine if her employer=s business activities
were illegal.  Id.  Logically, public policy demands that
employees be allowed to investigate the legality of acts required by an
employer so that they can decide whether or not to perform the acts.  Id. at 771.  If an employee is terminated for attempting
to learn from a regulatory agency whether the required conduct is legal, she
need not prove that the requested act was, in fact, illegal.  Id. at 772.  She must, however, establish that she had a
good faith belief that the requested act might be illegal and that such belief
was reasonable.  Id.

Although Riojas
suggests no particular or general area of law that appellees may have breached
by their actions, we reviewed the record for any evidence tending to show that
appellees pressed her to engage in unlawful conduct or any reasonable
inferences of such pressure.  After
examining the pleadings, appellees= motion for summary
judgment, Riojas= response, and the
summary judgment evidence, we conclude that Riojas= claim for wrongful
discharge is not covered by the public policy exception articulated in Sabine
Pilot and Johnston because there was no unlawful conduct.








Riojas states that she
questioned the propriety of Trippel=s professional conduct
for more than two and one-half years, yet she never contacted any outside
authority about her concerns regarding the legality of Trippel=s acts or the acts he
asked her to perform.  In her deposition,
Riojas admitted that the activities she questioned were Adeficiencies@ and only against
internal bank memos and policies.  Riojas
did not controvert Trippel=s deposition testimony
concerning the bank=s internal loan and
lending policies, the circumstances permitting deviation from those policies,
and the procedures by which the bank monitored such deviations.

The only activity
Riojas specifically complains of is the problem she perceived with the
perfection of secured interests in loan collateral.  Chapter 9 of the Uniform Commercial Code
(UCC) covers the perfection of interests in secured transactions.  See generally Uniform Commercial Code ch. 9 codified as Tex. Bus. & Com. Code Ann. '9.101 et seq. (Vernon
1994).  Despite diligent research, we
could find no statute or cases involving criminal charges for failure to
perfect a lien.  At most, there might be
civil liability, but potential exposure to civil penalties is not sufficient to
come within the Sabine Pilot exception. 
Hancock v. Express One Int=l, 800 S.W.2d 634, 636-37 (Tex. App.CDallas 1990, writ
denied).








Besides being unable
to infer any unlawful conduct on the part of appellees, a review of Riojas=s duties do not
indicate that any of the requested tasks could have exposed her to liability,
civil or criminal.  All parties agree
that, as Trippel=s secretary, Riojas= duties included
typing correspondence, screening telephone calls, preparing UCC-1s[5]
for recording, collecting and depositing fees, and monitoring receipt of
documentation.  Trippel testified it was
his responsibility alone, as the approving loan officer, to make sure that all
of the supporting documents were properly obtained, either before or after the
funds were disbursed.  Riojas does not
claim that she bore any share of the responsibility, beyond typing forms, and
no evidence permits us to infer that she did.

Riojas also contends
that she was pressured into resigning because of the unbearable workplace
conditions created by appellees.  A
constructive discharge occurs when an employer deliberately makes conditions so
unpleasant that an employee reasonably feels compelled to resign.  Shawgo v. Spradlin, 701 F.2d 470, 481
(5th Cir. 1983), cert. denied sub. nom., Whisenhunt v. Spradlin,
464 U.S. 965, 104 S.Ct. 404 (1983); Benton v. Kroger Co., 640 F.Supp.
1317, 1322 (S.D. Tex. 1986).  To find a
constructive discharge, a court must determine whether or not a reasonable
person in the employee=s position would have
felt compelled to resign.  Pittman v.
Hattiesburg Mun. Separate Sch. Dist., 644 F. 2d 1071, 1077 (5th Cir.
1981).  It is necessary to examine the
conditions imposed, not the employer=s state of mind.  Bourque v. Powell Elec. Mfg. Co., 617
F.2d 61, 65 (5th Cir. 1980).  Therefore,
an employee does not need to prove that an employer subjectively intended to
force the employee to resign.  Pittman,
644 F.2d at 1077.








Riojas complains (1)
that she was required to use an old electric typewriter that did not work
properly, (2) that she was denied access to or adequate time to work on a
personal computer, and (3) that she was given a negative performance evaluation
which she wholly disagreed with.  Riojas
contends that the equipment problem was Trippel=s way of making her life unbearable in
retaliation for her questioning his work. 
However, Riojas admitted in her deposition that Trippel had told her to
speak to Elena Perez, who had responsibility for purchasing and assigning
office equipment.  Riojas= deposition also
reveals that few employees had their own personal computers and that employees
shared several computers by means of a sign-up sheet.  Riojas complains that she could not seem to
sign up for a convenient time or enough time to complete her work, but does not
suggest that the problem was unique to herself. 
Nevertheless, time and equipment constraints of this nature have never
been held to be sufficiently aggravating so as to constitute intolerable
working conditions.[6]








Riojas also complains
that she was given a negative performance evaluation which she wholly disagreed
with.  However, unfavorable work
evaluations do not support a constructive discharge allegation, no matter how
upsetting they might be.[7]  Junior v. Texaco, Inc., 688 F.2d 377
(5th Cir. 1982); Boze v. Branstetter, 912 F.2d 801 (5th Cir. 1990).

The appellant in Junior
received a poor work evaluation and protested against it.  Junior, 688 F.2d at 378.  Junior=s supervisor refused
to change it but promised him a reappraisal of his performance in three
months.  Id.  No one suggested his future with the company
was endangered.  Id.  Nonetheless, Junior interpreted the poor work
evaluation as tantamount to a dismissal and handed in his resignation.  Id. 
When the company refused to rehire him, Junior filed suit for and
claimed constructive  discharge.  Id. 
The Court held that Junior=s resignation, though
compelled by his disagreement with the performance evaluation and the company=s refusal to alter it,
was voluntary.  Id. at 380.  Thus, he had not been constructively
discharged.  Id.








The appellant in Boze
was a corporate attorney.  He was
surprised to receive a negative evaluation of his job performance and
complained that it was an unfair assessment of his work.  Boze, 912 F.2d at 803.  While reviewing the evaluation with Boze,
Branstetter, who prepared the evaluation, told Boze that he was the Aworst-rated lawyer in
the company=s legal department.@ Id. at
806.  Boze was also warned that if he did
not shape up, he could be subject to discharge. 
Id. at 803.  Shortly
thereafter, Boze handed in a resignation letter alleging Aprejudice, double
standards, harassment, intimidation, and physical and emotional distress
associated with working with Branstetter.@  Id. at 804.  The Court found that Boze had resigned
voluntarily because a reasonable employee would have pursued internal grievance
procedures, and the workplace conditions he described did not constitute
constructive discharge.  Id. at
806.

The facts presented by
Riojas, even though we take them as true, do not constitute a work situation so
unpleasant that any reasonable person would regard them as intolerable.  Such frustrations are not serious enough to
permit us to find that a fact issue exists concerning whether a reasonable
person would have felt compelled to resign.

In their motion for
summary judgment, appellees point out that Riojas was not discharged, she
resigned.  Riojas argues that she
resigned because she was pressured to do so. 
Riojas complains that the equipment constraints and worry over the
unperfected security interests caused her to suffer severe stress requiring
medical attention.  Riojas= summary judgment
evidence shows that her physician recommended that she resign.  Riojas urges us to hold that in order to
rebut her allegation of constructive discharge, appellees had to show that it
was unreasonable for Riojas to follow her doctor=s advice.








Accepting as true that
the stress Riojas experienced was due to her job, we find that Texas law does
not recognize work-related illness leading to resignation as amounting to a
constructive discharge.  Employees are
not guaranteed a stress-free work environment. 
Aikens v. Banana Republic, Inc., 877 F.Supp. 1031, 1039 (S.D.
Tex. 1995).  Nor do the facts of this
case merit creation of an exception. 
Riojas complains that she was subjected to the conditions causing her
stress in retaliation for questioning Trippel about his work product and
refusing to perform tasks she thought were improper throughout the two years
eight months she worked as his secretary. 
However, Riojas admitted that she never felt Apressured@ until September 2,
1993, two weeks before she resigned on September 17, 1993.  On that day, Riojas saw her performance
review and became very upset because she felt that it was not an accurate
reflection of her abilities and accomplishments.  The next day, Trippel went on a two-week
vacation.  Riojas only saw him again once,
briefly, on September 13, 1993, when Trippel interrupted his vacation for a
Bank board meeting.  On that day, Riojas
again told Trippel how upset she was with the evaluation, and that she felt he
was pressuring her to quit.  Trippel
assured her that he was not trying Ato run her out of the
bank;@ that the only purpose
of the evaluation and placement on probation was to give her a chance to Atake her level of
performance up one notch.@  Undoubtedly, Trippel expected Riojas to
remain on the job.  Riojas also admitted
in her deposition that the primary source of her stress was the malfunctioning
typewriter, and not the unperfected interests on loans approved by Trippel.

After reviewing the
summary judgment evidence we conclude that there are no material fact issues
remaining on Riojas= wrongful discharge
claim.  We hold that the trial court did
not err in granting appellees= motion for summary
judgment on the wrongful discharge claim. 
Appellant=s second point of
error is overruled.

                                                      Defamation








By her fourth point of
error, Riojas contends that appellees failed to conclusively negate any element
of her cause of action for defamation.

Riojas claimed that
statements in the performance evaluation were defamatory. Appellees argue that
the statements are expressions of opinion and not defamatory in any sense.  In the alternative, appellees assert the
affirmative defense of qualified privilege.

Although Riojas uses
the terms defamation and slander, her complaint is clearly based on a written
document.  As the evidence does not allow
us to reasonably infer any oral communications by the appellees concerning the
performance evaluation with anyone but Riojas, we presume Riojas is urging a
cause of action for libel.  A written
expression that publishes a person=s natural defects or
injures or impeaches a person=s reputation, honesty,
integrity, or virtue, thereby exposing him or her to public hatred, ridicule,
contempt, or financial injury constitutes libel.  Tex. Civ. Prac. & Rem.
Code Ann. ' 73.001 (Vernon
1986).  APublication@ means that the
statements were received, read, and understood by a third person, other than
the person allegedly defamed.  Simmons
v. Ware, 920 S.W.2d 438, 444 (Tex. App.CAmarillo 1996, n.w.h.). 








Apparently, one person
besides Trippel and Riojas saw the evaluation. 
Don Kelly, the Bank=s President, was
Trippel=s immediate superior
and asked Trippel to prepare the evaluation. 
At some point before Riojas= resignation, Kelly
reviewed the report. Therefore, we must examine the language of the evaluation
to determine if it is defamatory. 
Musser v. Smith Protective Serv., Inc., 723 S.W.2d 653, 654-55 (Tex.
1987).

In determining if a
publication is defamatory, a court must examine the entire communication, not
isolated sentences or passages.  Musser,
723 S.W.2d at 655; Schauer, 856 S.W.2d at 446.  Statements cannot be taken out of context to
demonstrate they are defamatory.  Raymer
v. Doubleday & Co., 615 F.2d 241, 245 (5th Cir. 1980).  We give words their ordinary meanings and
construe them as would persons of ordinary intelligence.  Schauer, 856 S.W.2d at 446.  An issue of fact arises only if the court
determines that the statement is ambiguous and could be understood in a
defamatory sense.  Musser, 723
S.W.2d at 654-55; Rios, 930 S.W.2d at 817.








Performance
assessments are inherently subjective. 
An employee may find the statements therein to be false, unpleasant, and
objectionable, yet they may not be defamatory as a matter of law.  Schauer, 856 S.W.2d at 446; Rawlins
v. McKee, 327 S.W.2d 633, 635 (Tex. App.CTexarkana 1959, writ ref=d n.r.e.).  Whether the statement is one of fact or
opinion is for the court to decide.  Carr
v. Brasher, 776 S.W.2d 567, 569-70 (Tex. 1989); Yiamouyiannis v.
Thompson, 764 S.W.2d 338, 340 (Tex. App.CSan Antonio 1988, writ denied).  Ratings such as Aexcellent@ or Afair@ are mere statements
of opinion.  Schauer, 856 S.W.2d
at 447; Musser, 723 S.W.2d at 655. 
Comments regarding problems affecting workflow are likewise mere
statements of opinion.  Schauer,
856 S.W.2d at 447; Musser, 723 S.W.2d at 655.  An expression of opinion is protected free
speech.  Gertz v. Welch, 418 U.S.
323, 339-40 (1974); Schauer, 856 S.W.2d at 447; Yiamouyiannis,
764 S.W.2d at 340.

Even if untrue, as
Riojas asserts, Trippel=s comments in Riojas= performance
evaluation do not impugn her honesty, integrity, or personal or professional
reputation.  Trippel=s words did not expose
her to public hatred, ridicule, or contempt. 
No evidence leads us to infer the ratings or comments might have led to
financial injury as Riojas was in no danger of discharge or demotion.  Furthermore, under their ordinary meanings,
none of the words or phrases Trippel used are abusive, much less
defamatory.  Finally, although Riojas
insists the ratings and comments are false, she admitted in her deposition that
they are opinions rather than facts.








Even if a defamatory
meaning could be inferred from the statements in Riojas= performance
evaluation, we find that appellees have also proved the affirmative defense of
qualified privilege.  A qualified
privilege surrounds comments about an employee by her employer made to a person
having a legitimate interest in the matter to which the communication
relates.  Boze, 912 F.2d at 806; Schauer,
856 S.W.2d at 449; Hardwick v. Houston Lighting & Power Co., 881
S.W.2d 195, 198 (Tex. App.CCorpus Christi 1994,
dism=d w.o.j.); Maewal
v. Adventist Health Sys./Sunbelt, Inc., 868 S.W.2d 886, 893 (Tex. App.CFort Worth 1993, writ
denied).  Public policy recognizes that
the protection of business interests requires free communication of
information.  Boze, 912 F.2d at
806.  Whether a communication is covered
by a qualified privilege is a matter of law for the court to decide.  Houston v. Grocers Supply, 625 S.W.2d
798, 800 (Tex. App.CHouston [14th Dist.]
1981, no writ); Goree v. Carnes, 380, 384 (Tex. App.CSan Antonio 1981, no
writ).  So long as the communicant
believes in the truth of the communication, the privilege remains.  Maewal, 868 S.W.2d at 893; Mayfield
v. Gleichert, 484 S.W.2d 619, 627 (Tex. Civ. App.CTyler 1972, no
writ).  

The privilege is lost
if a communication was made with malice or a lack of good faith.  Marathon Oil Co. v. Salazar, 682
S.W.2d 624, 631 (Tex. App.CHouston [1st Dist.]
1984, writ ref=d n.r.e.); Stearns
v. McManis, 543 S.W.2d 659, 664 (Tex. Civ. App.CHouston [14th Dist.]
1976, writ dism=d).  Where a libel is alleged, actual malice Ameans publication of a
statement with knowledge that it is false or with reckless disregard for
whether it was false.@ Carr, 776
S.W.2d at 571; Marathon Oil, 682 S.W.2d at 631.  If there is no evidence of malice or want of
good faith, then no matter how objectionable the statements in an employee
evaluation are, they are not defamatory. 
Boze, 912 F.2d at 806. 
Good faith and lack of malice are presumed where statements are shown to
be covered by a qualified privilege.  Marathon
Oil, 682 S.W.2d at 630; Goree, 625 S.W.2d at 385.








Mere surmise or
suspicion of malice does not carry the probative force to form the basis of a
legal inference of malice.  Schauer,
856 S.W.2d at 450; International & G.N.R. Co. v. Edmundson, 222 S.W.
181, 185 (Tex. Comm=n App. 1920, holding
approved).  Trippel=s deposition and
affidavit and Riojas= deposition all
support Trippel=s assertion that his
evaluation of Riojas= performance was based
on personal observation and opinion and do not support an inference of malice
to defeat the affirmative defense. 
Therefore, we overrule Riojas= fourth point of
error.

                               Intentional
Infliction of Emotional Distress

By her third point of
error, Riojas complains that the trial court erred in granting the motion for
summary judgment because it did not address her cause of action for intentional
infliction of emotional distress.

Appellees contend that
Riojas= petition failed to apprise
them and the trial court of any claim for intentional infliction of emotional
distress.  Appellees argue that a fair
reading of Riojas= pleadings does not
indicate that a cause of action for intentional infliction of emotional
distress has been pleaded.  Appellees
further argue that the language of Riojas= petition merely
serves to emphasize her claims for damages on her causes of action for wrongful
discharge and defamation.








Rather than a fair
reading standard, on appeal from summary judgment, we read the nonmovants
pleadings liberally to ascertain if a cause of action has been asserted.  We construe the pleadings as favorably as
possible to the pleader.  Gonzalez v.
City of Harlingen, 814 S.W.2d 109, 112 (Tex. App.CCorpus Christi 1991,
writ denied).  We look to the pleader=s intent and uphold
the pleading, even if the pleader has not specifically alleged some element of
a cause of action, so long as necessary facts can be inferred from what is
specifically stated.  Id. (quoting
Gulf, Colorado & Santa Fe Ry. Co. v. Bliss, 368 S.W.2d 594, 599 (Tex.
1963)); see also Smithkline Beecham Corp. v. Doe, 903 S.W.2d 347,
354 (Tex. 1995).  Nonetheless, pleadings
must give reasonable notice of the claims asserted.  Smithkline Beecham Corp., 903 S.W.2d
at 354.  A defendant need not show that
the plaintiff cannot succeed on any theory conceivable in order to obtain
summary judgment; he is only "required to meet the plaintiff's case as
pleaded."  Id. at 355; Cook
v. Brundidge, Fountain, Elliott & Churchill, 533 S.W.2d 751, 759
(Tex.1976).

Despite a liberal
reading, we find Riojas= petition does not
implicitly raise a claim for intentional infliction of emotional distress.  The elements of intentional infliction of
emotional distress are as follows:

1)                 
the defendant acted intentionally or recklessly;

 

2)         the conduct was extreme and outrageous;

 

3)         the actions of the defendant caused the
plaintiff emotional distress; and

 

4)         the emotional distress suffered by the
plaintiff was severe.

 

Tidelands Auto. Club v. Walters,
699 S.W.2d 939, 942 (Tex. App.CBeaumont
1985, writ ref=d
n.r.e.). 

Paragraph II of
plaintiff=s
petition expressly sets forth her causes of action for wrongful discharge and
defamation in the manner prescribed.  See
Tex. R. App. P. 50. Although the
first sentence of paragraph III reads, ADefendants= conduct has been intentional, extreme
and outrageous[,]@ the
remainder of the paragraph focuses on allegations of past and future injuries
arising from wrongful discharge and defamation. 
Riojas does not plead facts permitting us to infer what alleged conduct
by appellees could underlie a claim for intentional infliction of emotional
distress.








Even if Riojas= petition could be read to implicitly
include an intentional infliction of emotional distress claim, it was still not
error for the trial court to grant appellees=
motion for summary judgment.  Smithkline
Beecham Corp., 903 S.W.2d at 355. 
Whether conduct is sufficiently outrageous for purposes of recovery for
the intentional infliction of emotional distress is a question of law.  Miller v. Galveston/Houston Diocese,
911 S.W.2d 897, 899 (Tex. App.CAmarillo
1995, no writ); Washington v. Naylor Indus. Serv., Inc., 893 S.W.2d 309,
312‑13 (Tex. App.CHouston
[1st Dist.] 1995, no writ); see Wornick Co., 856 S.W.2d at 734 (stating
that the court determines, "in the first instance," whether the
conduct may reasonably be regarded as so extreme and outrageous as to permit
recovery).








The fact of
discharge, constructive or otherwise, is not itself outrageous behavior.  Wornick Co. v. Casas, 856 S.W.2d 732,
734-35 (Tex. 1993).  The manner of
discharge may constitute outrageous behavior, Wornick Co., 856 S.W.2d at
735, Shaheen v. Motion Industries, Inc., 880 S.W.2d 88, 92 (Tex. App.CCorpus Christi 1994, writ denied), but
the standard to be met is high.  To be
considered outrageous, conduct must "exceed all possible bounds of
decency" and be "utterly intolerable in a civilized
community."  Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.1995); see also
Twyman v. Twyman, 855 S.W.2d 619, at 621 (Tex.1993).  Additionally, complaints of activity arising
in the employment setting must consist of more than mere employment disputes to
surpass this threshold.  MacArthur v.
University of Tex. Health Center at Tyler, 45 F.3d 890, 898 (5th Cir.1995)
(applying Texas law); Miller, 911 S.W.2d at 899.  The activities Riojas asserted in her
petition as underlying her perceived constructive discharge (queries about and
refusal to participate in unlawful activities) do not support an inference of
outrageous behavior.  See MacArthur,
45 F.3d at 898-99 (employer made unfounded accusations against the employee,
threatened to charge her with scientific misconduct, and exercised substantial
control over the committee which eventually suspended her work medical
privileges all without incurring liability); Wornick Co., 856 S.W.2d at
735 (even if true that employee was fired because she possessed incriminating
information about improper activities, no exception to employment-at-will
doctrine presented and therefore humiliation of being fired did not result from
outrageous conduct connected with termination); Sebesta v. Kent Electronics
Corp., 886 S.W.2d 459, 463-64 (Tex. App.CHouston
[1st Dist.] 1994, writ denied)(employer=s
yelling at and illegally discharging employee for performing jury duty, mischaracterizing
firing as a simple resignation, violating own internal policies, and arranging
for ex‑employee to leave via an "exit parade" during busiest
time of the day held to fall short of extreme and outrageous standard); Horton
v. Montgomery Ward & Co., Inc., 827 S.W.2d 361, 367‑70 (Tex. App.‑‑San
Antonio 1992, writ denied)(placing rattlesnake rattlers in employee's desk,
subjecting her to derogatory name calling and ostracism, defacing her pictures,
and refusing to discipline her tormentors insufficient to constitute extreme
and outrageous conduct).













A claim for
intentional infliction of emotional distress cannot be predicated on Riojas= performance evaluations.  Comment d to section 46 of the Restatement
(Second) of Torts, from which the tort of intentional infliction of emotional
distress is derived under Texas law, excludes from the scope of the tort acts
such as the utterance of unflattering opinions and insults.  Restatement
(Second) of Torts '
46 cmt. d (1965).  Even conduct motivated
by malice, or resulting in a degree of aggravation which would entitle the
plaintiff to punitive damages for another tort does not automatically attain
the standard of "extreme", "beyond all possible bounds of
decency", "atrocious", and "utterly intolerable in a
civilized community."  Id.  We have already determined that the
statements contained in the performance evaluations were mere opinions and not
malicious.  As such they do not come
within the scope of an action for intentional infliction of emotional
distress.  Id.; see Hanssen
v. Our Redeemer Lutheran Church, 938 S.W.2d 85, 94 (Tex. App.CDallas 1996, n.w.h.)(falsely depicting
plaintiff to community as a thief insufficiently outrageous to raise a fact
issue on outrageous conduct); Free v. American Home Assur. Co., 902
S.W.2d 51, 56 (Tex. App.CHouston
[1st Dist.] 1995, no writ)(ex-employer=s
statements describing ex-employee to employment "headhunter" as a
"lightweight" who "allowed things to languish" could not be
considered so utterly intolerable or atrocious as to sustain an action); Schauer,
856 S.W.2d at 451(objectionable statements in performance appraisal shown only
to employee=s
immediate supervisor and neither shared nor discussed with anyone else does not
amount to outrageous conduct); see also Diamond Shamrock Ref. &
Mktg. Co. v. Mendez, 844 S.W.2d 198, 202 (Tex.1992).  Cf. 
Hooper v. Pitney Bowes, Inc., 895 S.W.2d 773, 776 (Tex. App.CTexarkana 1995, writ
denied)(supervisors=
statements characterizing employee as Asatanist@ held beyond all bounds of decency); Soto
v. El Paso Natural Gas Co., 942 S.W.2d 671, 681 (Tex. App.CEl Paso 1997, n.w.h.)(atrocious and
outrageous ridicule of complainant=s
cancer surgery and remarks on appearance as "lopsided" and having a
"plastic boob" had no purpose but to cause emotional distress).

Because she did
not plead any facts supporting an inference of outrageous conduct, we hold that
Riojas did not plead a cause of action for intentional infliction of emotional
distress.  Appellant=s third point of error is overruled.

            We affirm the trial court=s order granting appellees= motion for summary judgment.

 

FEDERICO G. HINOJOSA

Justice

 

 

Opinion ordered not published. Tex. R. App. P. 90.

 

Opinion delivered and filed this

the 7th day of August, 1997.











[1] On
appeal, Riojas claims that she stated three causes of action in her petition:
wrongful discharge, defamation, and intentional infliction of emotional
distress.  Appellees discerned only twoCwrongul
discharge and defamation.  Riojas did not
assert the existence of the third cause of action in her response to appellees=
motion for summary judgment, but has presented it as a point of error on
appeal.





[2]Although
Riojas makes several specific references in her appellate brief to the locations
of summary judgment evidence in the record, we cannot rely on appellate briefs
to make up for deficiencies in the response presented to the trial court.  McConnell, 858 S.W.2d at 341.





[3] AAt
will@ employees
in Texas are statutorily protected against discharge for unacceptable reasons
such as filing workers=
compensation claims (Tex. Lab. Code Ann.
'
451.001 (Vernon 1996)), performing jury duty (Tex.
Civ. Prac & Rem. Code Ann. ' 122.001 (Vernon 1986)),
discrimination on the basis of gender, race, color, age, religion, handicap or
national origin (Tex. Lab. Code Ann.
'
21.051 (Vernon 1996)), union membership or nonmembership (Tex. Lab. Code Ann. '
101.051 (Vernon 1996)), and serving on active duty in the State military forces
(Tex. Govt. Code Ann. '
431.006 (Vernon 1990)).





[4]If
the employer can show any legitimate reason for the discharge, then an action
for wrongful discharge must fail.  Texas Dept. of Human Serv. v. Hinds, 904 S.W.2d
629, 633 (Tex. 1995).





[5] Financing
statement form used to perfect a secured interest.  See Tex.
Code Forms Ann. - UCC Forms ' 9.402-Form 1 (Vernon 1986
& Supp. 1997); see also Tex.
Bus. & Com. Code Ann. ' 9.402 (Vernon 1991 &
Supp. 1997).





[6] Cases
involving allegations of far more serious workplace deficiencies have been held
insufficient to support an assertion of constructive discharge.  See, e.g., Dornhecker v. Malibu Grand Prix
Corp, 828 F.2d 307, 308 (5th Cir. 1987)(sexual harassment); Jett v.
Dallas Indep. Sch. Dist., 798 F.2d 748, 755 (5th Cir. 1986)(racial
discrimination; emotional distress stemming from demotion within district); Shawgo
v. Spradlin, 701 F.2d 470, 481-82 (5th Cir. 1983)(derogatory comments from
co-workers following disciplinary proceedings); Hammond v. Katy Indep. Sch.
Dist., 821 S.W.2d 174, 177-78 (Tex. App.CHouston [14th Dist.] 1991, no
writ)(general harassment, public reprimands).





[7]A
noteworthy exception to this general rule is Brown v. Montgomery County
Hosp., 929 S.W.2d 577, 581-82 (Tex. App.CBeaumont 1996, writ granted)
(following negative work evaluation, employee expressly given choice between
resigning or being fired).