George K. NOE, Individually and as City Manager of the City of Kingsville, Texas, and the City of Kingsville, Texas, Appellants,

v.

Alonzo LOPEZ, Sr., Appellee.

No. 13–86–183–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 6, 1986.

Rehearing Denied Dec. 18, 1986.

Nelson R. Sharpe, Glusing, Sharpe Villarreal, & Williams, Kingsville, for appellants.

W.R. Hitchens, Fugate & Hitchens, Kingsville, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

Appellee brought suit for wrongful discharge and for violation of his civil rights under 42 U.S.C.A. § 1983 (West 1981). Trial was before a jury and appellee was awarded $182,301.87 as damages, plus prejudgment interest and attorney fees, from the appellants. Further, appellee recovered $50,000.00 in exemplary damages from appellant Noe. Appellant brings fifteen points of error. We affirm in part, and reverse and render in part.

Noe is the city manager of Kingsville, Texas. In 1969, the city hired Lopez as a housing inspector. In 1972, it promoted Lopez to building official, a management-level position. Emilio Garza, the plumbing and mechanical inspector, reported to Kevin Stowers, the director of Urban Development for the city and Lopez's supervisor, that Lopez had solicited a bribe from an electrical contractor, Willie Moore. Stowers forwarded this information to Noe, and Noe informed the Kingsville chief of police. The police investigated the matter, which involved a taped phone conversation between Lopez and Moore, and an attempted transfer of money from Moore to Lopez. The pertinent parts of the taped phone conversation went as follows:

Moore: This Yarborough deal.

Lopez: O.K.

Moore: That partners. You know we was talking about one percent.

Lopez: One percent.

Moore: I was wondering, you know, since Juan done left, if I'm going to get any hassle out of it.

Lopez: He didn't help me.

Moore: He didn't help you on that.

Lopez: Heck, no. That way he wanted to push it. Why did he ask you something.

Moore: No, he hadn't asked me anything. No, I was just wondering.

Lopez: No, no, no. He doesn't have anything to do. I don't think he will take any.

Moore: No, he hasn't asked me for anything, but I was just wondering, are you going to give me a hard time.

Lopez: Nobody knows about it, just you and me.

Moore: Just you and me.

Lopez: I've been joking with them, but just keep it to yourself.

Moore: Yeh. I tell you what if the old man don't pay off this evening, I collected a little money from another job and I think I've got about $200 or $300.

Lopez: We'll wait until it is completed, I'm just joking with you. No problem.

Moore: Alrighty.

Lopez: We'll wait. He won't leave town. If he leaves town, and don't pay you, I'm going to get him.

Moore: Alrighty.

Lopez: Just do your best to satisfy him and

Moore: O.K.

Lopez: Ta bueno.

This conversation occurred on October 4, 1984. Subsequently, Moore attempted to deliver $300.00, under police surveillance, to Lopez. However, Lopez refused to take the money, and told Moore that he was "teasing" about a kick-back, according to Moore's testimony. The police suspended their investigation after the unsuccessful pay-off. On January 7, 1985, Noe met with Lopez to discuss the alleged bribery. Although the facts regarding the meeting are in dispute, the indisputable outcome was that Lopez was suspended with pay and eventually fired on January 15, 1985.

The first issue before this Court is whether or not Lopez was an at-will employee. The City of Kingsville's personnel rules and regulations provide:

*1.05 Management Level Employees*
The Personnel Rules and Regulations shall apply to all employees paid under the Management Level Compensation Plan. However, due to the *discretionary nature of their employment, the City Manager may waive the rules for management level personnel* (emphasis ours).

It is undisputed that Lopez was management-level personnel and that his term of employment was indefinite. It is generally held that, absent any existing contractual limitations, when the term of service under an employment contract is left to the discretion of either party, or the term left indefinite, then either may put an end to it at will, and without cause. *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 734 (Tex.1985); *East Line & Red River Railroad Co. v. Scott,* 10 S.W. 99, 102 (Tex. 1888); *Reynolds Manufacturing Co. v. Mendoza,* 644 S.W.2d 536, 538 (Tex.App.— Corpus Christi, 1982, no writ).

Appellee contends that section 102.1 of the Southern Standard Building Code, which was adopted by ordinance as the building code for the City of Kingsville, operates as a limitation to the "at will" doctrine regarding building officials. Section 102.1 provides:

The Building Official shall have had at least ten (10) years experience or equivalent, as an architect, engineer, building inspector, building contractor, or superintendent of building construction, or any combination of these for five (5) years of which he shall have been in responsible charge of work. He shall be appointed by the Chief Appointing Authority of the applicable governing body. *His appointment shall continue during good behavior and satisfactory service. He shall not be removed from office except for cause after full opportunity has been given him to be heard on specific charges before such Chief Appointing Authority* (emphasis ours).

■ We agree. Although the city manager may waive all rules promulgated as the Personnel Rules and Regulations, the record does not indicate that the city manager's power of waiver extends to other ordinances, such as the building code. Section 102.1 specifically, and unambiguously, provides that the building official shall not be removed from office except for cause, and therefore, is not an "at will" employee. *See Mansell v. Texas & P. Railway Co.,* 137 S.W.2d 997, 999 (Tex.Comm'n App. 1940, opinion adopted); *Reynolds Manufacturing Co.,* 644 S.W.2d at 538–39. Thereby, the building official possessed a constitutionally-protected property interest in his continued employment and was entitled to minimum due process considerations. *Bueno v. City of Donna,* 714 F.2d 484, 492 (5th Cir.1983). We overrule appellants' first seven points of error.

Appellants' remaining points of error complain that the trial court erred in failing to disregard answers to special issues, as there was no evidence or, in the alternative, insufficient evidence to support the findings.

Their eighth and twelfth points of error complain that the trial court erred in failing to disregard the jury's answer to special issue number one. Special issue number one inquired whether Lopez was terminated without cause, to which the jury answered, "There was not cause." In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.,* 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex.App.— Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960).

The evidence is inconclusive regarding whether a bribe, or even an attempt to solicit a bribe, actually occurred. Lopez testified that he joked with Moore regarding the value of certain jobs, but never solicited a bribe. Moore, the person most able to clarify the matter, vacillated to appease the party examining him, further complicating the issue of whether this was

a matter of friendly joking or an attempt to solicit a bribe. The taped phone conversation was also inconclusive, and at one point. Lopez informed Moore that he was "just joking."

■ Appellants contend that Lopez lied to the city manager regarding his phone conversation with Moore, and that he failed to report Moore's offer of money. This is a circular argument, in that, if the conversations between Moore and Lopez were office humor as Lopez contends, there was no bribe to report. Further, Lopez testified that he told the city manager that no bribe had occurred and the matter merely involved "joking." There is sufficient evidence to support the jury's finding that Lopez was terminated without cause. We overrule appellants' eighth and twelfth points of error.

■ Appellants' ninth and thirteenth points of error involve the jury's answer to special issue number two, in which the jury found Lopez was denied procedural due process. Section 102.1 of the building code provides that termination only occurs after a "full opportunity has been given [the building official] to be heard on specific charges...." Lopez was not confronted with any evidence regarding the police investigation. The city manager testified that he limited his meeting with Lopez to specific questions regarding the taped phone conversation. Lopez testified that he requested that the city manager bring Moore in to explain the incident, and the city manager refused. There is sufficient evidence to support the finding. We overrule appellants' ninth and thirteenth points of error.

■ Appellants' tenth and fourteenth points of error complain of special issue number four, in which the jury found Noe acted with malice. "Exemplary damages may be awarded only if there is evidence of acts wantonly and maliciously done with intent to injure the complaining party or with a reckless disregard of the injurious consequences of his act to others." *Corpus Christi National Bank v. Lowry*, 662

S.W.2d 402, 405 (Tex.App.—Corpus Christi 1983, no writ). There is no evidence that Noe acted with malice in terminating Lopez. An alleged bribe was reported to Noe, and he promptly reported this to the police. After the police investigation, and with the aid of Lopez's supervisor, Noe determined that Lopez was not trustworthy. This determination was made after the meeting between Lopez and Noe involving the alleged bribery. Noe proceeded under the personnel rules and regulations for termination of management-level employees, unaware of the building code provision regarding building officials. In fact, the commissioners that adopted the building code testified that they were unaware that the provision regarding building officials existed. We sustain appellants' tenth and fourteenth points of error.

Appellants' eleventh and fifteenth points of error involve special issue number seven. Special issue number seven was:

Do you find from a preponderance of the evidence that the City Commission did not intend that the Southern Standard Building Code would override its personnel ordinances dealing with management level employees?
Answer: "We do not."

The testimony from the members of the City Commission that approved the city ordinance was that they were unaware of the Southern Standard Building Code's provision regarding building officials. However, Joanne Hedrick, one of the City Commissioners, aptly stated, "Any ordinance that is handed by the City Commissioners should be binding on the City Manager."

■ Notwithstanding the fact that there is sufficient evidence to support the finding, this is not a case where statutory construction is necessitated due to conflicting or ambiguous statutes. *See, e.g., Heard v. City of Dallas*, 456 S.W.2d 440, 443 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.). The ordinances are not ambiguous. Rather, the building code simply limits the "at will" employment of the building official. Appellants' eleventh and fifteenth points of error are overruled.

That portion of the trial court's judgment awarding exemplary damages of $50,000.00 against Noe is reversed and rendered that Lopez take nothing as exemplary damages. In all other respects, the judgment of the trial court is affirmed.