Nancy JOHNSTON, Appellant,

v.

DEL MAR DISTRIBUTING
COMPANY, INC., Appellee.

No. 13–88–516–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

Ryan E. Stevens, Corpus Christi, for appellant.

C.L. Wright, III, Wood & Burney, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

OPINION

BENAVIDES, Justice.

Nancy Johnston, appellant, brought suit against her employer, Del Mar Distributing Co., Inc., alleging that her employment had been wrongfully terminated.[1] Del Mar filed a motion for summary judgment in the trial court alleging that appellant's pleadings failed to state a cause of action. After a hearing on the motion, the trial court agreed with Del Mar and granted its motion for summary judgment.

On appeal, appellant asserts by four points of error that the trial court commit-

---

1. Del Mar Distributing, Inc., will hereinafter be    referred to as "Del Mar."

ted reversible error in granting Del Mar's motion for summary judgment. Appellant, by her third and fourth points of error, contends that her pleadings did in fact state a cause of action. We agree. Accordingly, we reverse and remand.[2]

In reviewing a summary judgment, we follow the well-established rules set out in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Major Investments Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The movant's burden is to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The reviewing court, in determining whether a fact issue exists, must take all evidence favorable to the non-movant as true. Every reasonable inference must be indulged, and every doubt resolved, in favor of the non-movant. *Nixon*, 690 S.W.2d at 548–59. A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

■ The record reveals that the only documents before the trial court in the instant case were the pleadings of the parties, Del Mar's motion for summary judgment, and appellant's response to the motion. As a general rule, pleadings, even if verified, do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). In the instant case, however, Del Mar's summary judgment was based solely on the ground that appellant's petition failed to state a cause of action; therefore, it is proper to consider the pleadings in our review of the summary judgment. *Perser v. City of Arlington*, 738 S.W.2d 783, 784 (Tex.App.—Fort Worth 1987, writ denied); *Abbott v. City of Kauf-*

*man*, 717 S.W.2d 927, 929 (Tex.App.—Tyler 1986, writ dism'd w.o.j.)

In her petition, appellant alleged that she was employed by Del Mar during the summer of 1987. As a part of her duties, she was required to prepare shipping documents for goods being sent from Del Mar's warehouse located in Corpus Christi, Texas to other cities in Texas. One day, Del Mar instructed appellant to package a semi-automatic weapon (for delivery to a grocery store in Brownsville, Texas) and to label the contents of the package as "fishing gear." Ultimately, the package was to be given to United Parcel Service for shipping. Appellant was required to sign her name to the shipping documents; therefore, she was concerned that her actions might be in violation of some firearm regulation or a regulation of the United Postal Service. Accordingly, she sought the advice of the United States Treasury Department Bureau of Alcohol, Tobacco & Firearms (hereinafter referred to as "the Bureau"). A few days after she contacted the Bureau, appellant was fired. Appellant brought suit for wrongful termination alleging that her employment was terminated solely in retaliation for contacting the Bureau.[3]

In its motion for summary judgment, Del Mar stated that the facts alleged in appellant's petition would be taken as true. Specifically, it acknowledged that it required appellant to package and ship firearms with labels that did not reflect the package's true contents. It further acknowledged that appellant's employment was terminated when she became concerned about such practices and sought the *"advice"* of personnel employed by the Bureau.

Del Mar asserted in its motion that, notwithstanding the above described facts, appellant's cause of action was barred by the

---

2. By her first and second points of error, appellant contends that the trial court erred in granting summary judgment because the motion was premature in that meaningful discovery had not been conducted, and she had not been given an opportunity to amend her pleadings. However, since this case must be reversed because appellant's pleadings did in fact state a cause of action, we need not address these points.

3. Appellant's petition can be construed as alleging that she was fired because (1) she inquired into whether her acts were illegal; and (2) she reported suspected violations to a regulatory agency (commonly referred to as "whistleblowing").

employment-at-will doctrine. Specifically, Del Mar asserted that since appellant's employment was for an indefinite amount of time, she was an employee-at-will and it had the absolute right to terminate her employment for any reason or no reason at all.

It is well-settled that Texas adheres to the traditional employment-at-will doctrine. *Eastline & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888); *Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 137–38 (Tex.App.—Corpus Christi 1986, writ denied); *Noe v. Lopez*, 721 S.W.2d 459, 461 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Reynolds Manufacturing Company v. Mendoza*, 644 S.W.2d 536, 538 (Tex.App.—Corpus Christi 1982, no writ). In 1888, the Texas Supreme Court first enunciated the employment-at-will doctrine in the case of *Eastline & R.R.R. Co. v. Scott*. The Texas Supreme Court held that absent a specific contractual provision to the contrary, either the employer or the employee may terminate their relationship at any time, for any reason. *Eastline & R.R.R. Co.*, 10 S.W. at 102.

Today, the absolute employment-at-will doctrine is increasingly seen as a "relic of early industrial times" and a "harsh anachronism." *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex.1985) (Kilgarlin, J., concurring); *Little v. Bryce*, 733 S.W.2d 937, 940 (Tex.App.—Houston [1st Dist.] 1987, no writ) (Levy, J., concurring). Accordingly, our Legislature has enacted some exceptions to this doctrine, i.e., an employer may not fire an employee for (1) membership or non-membership in a labor union, (2) serving on a jury, (3) filing a workmen's compensation claim, (4) being on active military duty, (5) being of a particular race, color, handicap, religion, national origin, age, or sex. *Sabine Pilot*, 687 S.W.2d at 735; *Little*, 733 S.W.2d at 940. *See also* Tex.Rev.Civ.Stat.Ann. art. 6252–16a, § 2 (Vernon Supp.1989) (a governmental body may not suspend or terminate the employment of a public employee who reports a violation of law to an appropriate law enforcement authority).

Recently, the Texas Supreme Court, recognizing the need to amend the employment-at-will doctrine, invoked its judicial authority to create a very narrow common law exception to the doctrine. *Sabine Pilot*, 687 S.W.2d at 735. In *Sabine Pilot*, the Texas Supreme Court was faced with a narrow issue for consideration, i.e., whether an allegation by an employee that he or she was discharged for refusing to perform an illegal act stated a cause of action. *Id.* The Court held that

> public policy, *as expressed in the laws* of this state and the United States which *carry criminal penalties*, requires a very *narrow* exception to the employment-at-will doctrine ... [t]hat *narrow* exception covers *only* the discharge of an employee for the *sole* reason that the employee refused to perform an *illegal act*. *Id.* (emphasis ours).

Justice Kilgarlin noted in his concurring opinion to *Sabine Pilot* that it is against public policy to allow an employer "to require an employee to break a law or face termination...." *Id.* He elaborated that to hold otherwise "would promote a thorough disrespect for the laws and legal institutions of our society." *Id.*

Since the Court was faced only with this narrow issue, it did not carve out any other "public policy" exceptions to the doctrine. However, as Justice Kilgarlin noted in his concurring opinion, the decision does not preclude the Court from expanding the exception when warranted in a proper case. *Id.*

Del Mar, in its motion for summary judgment, argued that the narrow exception created in *Sabine Pilot* did not apply to the instant case because mislabeling the contents of a package is not a criminal offense under state or federal laws. Del Mar asserted that *Maus v. Living Centers, Inc.*, 633 S.W.2d 674 (Tex.App.—Austin 1982, writ ref'd n.r.e.) should control the disposition of this case because neither the Legislature nor the Supreme Court had created a public policy exception which protects an employee who makes inquiries into the legality or illegality of an act. Del Mar

advances essentially the same arguments to support its judgment on appeal.

After careful consideration, we reject Del Mar's assertions that the *Sabine Pilot* exception is inapplicable to the case at bar and that *Maus v. Living Centers, Inc.* controls the disposition of the case before us.

In *Maus,* the Austin Court of Appeals held that an employee who was discharged in retaliation for reporting to her superiors that patients were receiving poor care, did not have a cause of action against her employer, even though failure to report such cases of abuse or neglect was a criminal offense. *Id.* at 675. The Austin court held that since neither the Texas Legislature nor the Texas Supreme Court had established such an exception to the employment-at-will doctrine, it had to exercise judicial restraint and refrain from creating a new right of recovery. *Id.* at 676. It is important to note that *Maus* was decided three years prior to the Supreme Court's decision in *Sabine Pilot.* Even though *Maus* has not been expressly overruled, we decline to follow it since *Maus* involved a fact situation where an employee reported questionable acts of others, and it did not involve a situation where the employee herself was asked to do an act which she believed to be illegal.

While we acknowledge that the facts of this case are distinguishable from the facts in *Sabine Pilot,* we nonetheless find that the public policy exception created in *Sabine Pilot* applies to the instant case.

On appeal, appellant alleges that her petition did state a cause of action pursuant to the public policy exception announced in *Sabine Pilot.* In her brief, appellant contends that since Texas law currently provides that an employee has a cause of action when she is fired for refusing to perform an illegal act, it necessarily follows that an employee states a cause of action where she alleges that she is fired for simply inquiring into whether or not she is committing illegal acts. To hold otherwise, she argues, would have a chilling effect on the public policy exception announced in *Sabine Pilot.* We agree.

It is implicit that in order to refuse to do an illegal act, an employee must either know or suspect that the requested act is illegal. In some cases it will be patently obvious that the act is illegal (murder, robbery, theft, etc.); however, in other cases it may not be so apparent. Since ignorance of the law is no defense to a criminal prosecution, it is reasonable to expect that if an employee has a good faith belief that a required act might be illegal, she will try to find out whether the act is in fact illegal prior to deciding what course of action to take. If an employer is allowed to terminate the employee at this point, the public policy exception announced in *Sabine Pilot* would have little or no effect. To hold otherwise would force an employee, who suspects that a requested act might be illegal, to: (1) subject herself to possible discharge if she attempts to find out if the act is in fact illegal; or (2) remain ignorant, perform the act and, if it turns out to be illegal, face possible criminal sanctions.

We hold that since the law recognizes that it is against public policy to allow an employer to coerce its employee to commit a criminal act in furtherance of its own interest, then it is necessarily inferred that the same public policy prohibits the discharge of an employee who in good faith attempts to find out if the act is illegal. It is important to note that we are not creating a new exception to the employment-at-will doctrine. *Cf. Jennings v. Minco Technology Labs, Inc.,* 765 S.W.2d 497, 500–501 (Tex.App.—Austin 1989, no writ). Rather, we are merely enforcing the narrow public policy exception which was created in *Sabine Pilot.*

Therefore, we find that the *Sabine Pilot* exception necessarily covers a situation where an employee has a good faith belief that her employer has requested her to perform an act which may subject her to criminal penalties. Public policy demands that she be allowed to investigate into whether such actions are legal so that she can determine what course of action to take (i.e., whether or not to perform the act).

■ Furthermore, it is the opinion of this Court that the question of whether or not the requested act was in fact illegal is irrelevant to the determination of this case. We hold that where a plaintiff's employment is terminated for attempting to find out from a regulatory agency if a requested act is illegal, it is not necessary to prove that the requested act was in fact illegal. A plaintiff must, however, establish that she had a good faith belief that the requested act might be illegal, and that such belief was reasonable. Accordingly, we sustain appellant's third and fourth points of error.

■ Del Mar also contends, for the first time on appeal, that this case involves a "whistleblower" fact situation because appellant was fired for reporting suspected illegal activity to a police agency.[4] Del Mar asks this Court not to create a "whistleblower" exception to the employment-at-will doctrine since neither the Legislature nor the Supreme Court has created such an exception. Del Mar cites Tex.R.Civ.Stat. Ann. art. 6252–16a, § 2 (Vernon Supp.1989) in support of its position.

Article 6252–16a, § 2 provides that a governmental employee cannot be fired because she reports suspected illegal activity to a police agency. Del Mar argues that we must exercise judicial restraint since the Legislature had the opportunity to include employees of the private sector, but declined to do so.

It is well-settled in Texas that a motion for summary judgment shall state with specificity the grounds upon which the movant is relying. Tex.R.Civ.P. 166a(c). Any issues that are not specifically before the trial court at the hearing on the motion may not be considered for the first time on appeal. *State Board of Insurance v. Westland Film Industries*, 705 S.W.2d 695, 696 (Tex.1986).

Since, in the instant case, Del Mar did not specifically assert this issue in its motion for summary judgment, we will not consider it for the first time on appeal.[5]

The judgment of the trial court is reversed and remanded for trial.

---

4. In its motion for summary judgment, appellee did not make a distinction between an employee who *seeks information* concerning her own potential criminal activity and an employee who *reports* the suspected criminal activity of her employer.

5. Nonetheless, we add that our holdings in the determination of appellant's points of error three and four are not to be construed as creating a whistleblower exception to the employment-at-will doctrine.