Reynolds v. McKenna 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00276-CV







Joe Reynolds, Appellant



v.



The McKenna Memorial Hospital, Inc., Appellee








FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C91-280A, HONORABLE FRED A. MOORE, JUDGE PRESIDING







PER CURIAM


 Appellant Joe Reynolds appeals the trial court's take-nothing judgment in his suit
against appellee McKenna Memorial Hospital, Inc. Reynolds sued McKenna alleging five causes
of action after McKenna discharged him from his job as a respiratory therapist. The trial court
granted McKenna summary judgment on each cause. On appeal, Reynolds challenges only the
summary judgment against his claim that the discharge violated the Sabine Pilot doctrine. Sabine
Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985). We will affirm the trial court's
judgment.

 In a single point of error, Reynolds argues that McKenna failed to conclusively
negate that it discharged him solely for refusing to participate in illegal conduct and for inquiring
into the legality of that conduct. McKenna, as the movant for summary judgment, had to
disprove, as a matter of law, one of the essential elements of Reynolds' cause of action. Citizens
First Nat'l Bank v. Cinco Exploration Co., 540 S.W.2d 292, 294 (Tex. 1976). In reviewing a
summary judgment, we take as true all evidence favoring the nonmovant, indulging every
inference and resolving every doubt in his favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). 

 In Sabine Pilot, the supreme court created a narrow exception to the employment-at-will doctrine. The court authorized a cause of action in favor of an employee discharged for
the sole reason that he refused to perform an illegal act. 687 S.W.2d at 735. The supreme court
required in Sabine Pilot that the act the employee refuses to perform carry a criminal penalty. 
Id. 

 McKenna moved for summary judgment on Reynolds' wrongful discharge claim
asserting three grounds: (1) the laws involved do not carry criminal penalties; (2) Reynolds'
refusal to participate in the allegedly illegal acts was not the sole cause of his discharge; and (3)
the evidence establishes that Reynolds reported, rather than refused to perform, the allegedly
illegal acts. Because the trial court granted summary judgment without specifying its grounds,
we will uphold the judgment if any ground advanced in the summary-judgment motion is correct. 
Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).

 Reynolds asserted that McKenna routinely used contaminated breathing equipment
and electrocardiograph machines with dirty electrodes. In response to an interrogatory asking
what specific rules made McKenna's alleged practices illegal, Reynolds listed the guidelines
published by the Centers for Disease Control and the requirements of the Texas Department of
Health. The Centers' guidelines do no more than recommend infection-control procedures for
hospitals, and they contain no enforcement mechanism. Centers for Disease Control, U.S. Dep't
of Health and Human Services, Guidelines for the Prevention and Control of Nosocomial
Infections (1981). While the Department of Health can enforce standards for the hospitals it
licenses, the failure to comply with the Department's standards carries no criminal penalty. See
generally Texas Hospital Licensing Law, Tex. Health & Safety Code Ann. §§ 241.001-.123 (West
1992 & Supp. 1995). By establishing that no criminal liability attached to its alleged acts,
McKenna conclusively negated one element of Reynolds' claim under Sabine Pilot.

 Reynolds maintains, however, that McKenna failed to negate his claim that he was
discharged for investigating whether McKenna's alleged acts were illegal. In Johnston v. Del Mar
Distributing Company, the Thirteenth Court of Appeals extended Sabine Pilot to cover an
employee's good-faith investigation into the legality of an act he is required to perform. 776
S.W.2d 768, 771-72 (Tex. App.--Corpus Christi 1989, writ denied).

 Even if Del Mar correctly states the law, it does not apply to this case. None of
the summary-judgment evidence shows that Reynolds was discharged for investigating the
illegality of McKenna's practices. Moreover, Reynolds himself stated in answers to
interrogatories that McKenna fired him for reporting improper medical procedures to others at
work. A private employee who is discharged for reporting the illegal activities of his employer
has no cause of action for wrongful discharge. Winters v. Houston Chronicle Pub. Co., 795
S.W.2d 723, 725 (Tex. 1990); accord Maus v. National Living Ctrs., Inc., 633 S.W.2d 674, 677
(Tex. App.--Austin 1982, writ ref'd n.r.e.). Because the facts Reynolds alleged fall within Winters
and Maus rather than Del Mar, we overrule Reynolds' point of error.

 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: August 16, 1995

Do Not Publish