Guadalupe **GARZA**, Appellant,

v.

**DOCTORS ON WILCREST, P.A., Duncan G. Bowell, M.D. and Alan Reichman, M.D.**, Appellees.

No. 14–97–00210–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 10, 1998.

Clinton E. Wells, Jr., Michael T. Fuerst, Houston, for appellant.

Lovell W. Aldrich, David F. Beale, Houston, for appellees.

Before MURPHY, C.J., and HUDSON and DRAUGHN, JJ.*

## OPINION

JOE L. DRAUGHN, Justice.

This is an appeal of a judgment rendered in favor of Doctors on Wilcrest, P.A., Duncan G. Bowell, M.D. and Alan Reichman, M.D. ("Doctors"). Guadalupe Garza ("Garza") sued Doctors, her employers, for her wrongful termination. The jury determined that Doctors had wrongfully terminated Garza for reporting them to the Texas Board of Medical Examiners. The jury awarded Garza $75,000 in actual damages and $28,000 in exemplary damages. Doctors' filed a motion for judgment notwithstanding the verdict ("JNOV"), which the trial court granted. In three points of error, Garza contends the trial court erred (1) in granting the JNOV for Doctors, and (2) in denying her trial amendment. We affirm.

* Senior Justice Joe L. Draughn sitting by assign-

## Background

Garza worked for Doctors as an x-ray technician and radiation safety officer. She learned that one of her co-workers had been performing x-rays without having been properly certified and without using the proper protective shielding. Garza sought a meeting with her supervisor to express her concerns. Her request, however, was denied. Garza, thus, faxed a letter to the Texas Board of Medical Examiners regarding her concerns. Garza's letter provides:

I am the Radiation Safety Officer for Doctors on Wilcrest, Guadelupe L. Garza, Registration # R11277, Expiration Date May 31, 1997. As the (RSO) it is my responsibility that these rules be followed.

Eric Liu, permit # 2283, Original Date 5-1-89, Expires 4-28-95.

Diana V. Garza, permit # 132456, Original Date 4-19-94, Expires 4-19-95.

Diana V. Garza was trained in Radiographic techniques by Eric Liu without my knowledge & approval. [Diana] was not wearing a badge or proper protection nor was she permissioned under any Doctor. She was performing Radiographic procedures since March 28, 1994 & didn't get permissioned till April 19, 1994. Those people know that they are not to practice taking X–Rays on anyone without the proper credentialing & training.

[Copy of the rules regarding the proper procedure.]

Please help me in this matter. This puts the patients & workers in alot of danger. Thank You. I only work on Wed., Thurs., & Fri. Please contact if necessary.

The next morning, Doctors fired Garza. Additionally, she sent a copy of the faxed letter to the Texas Department of Health.

In her live pleadings, Garza asserted her cause of action for wrongful termination under TEX.LAB.CODE ANN. §§ 411.082, .083 (Vernon 1993). However, she claims that her trial petition also supports a common law cause of action for wrongful termination.

ment.

## Points of Error One and Two

■ In her first point of error, Garza claims that the trial court erred in granting the JNOV for Doctors because she pled and proved a common law cause of action for wrongful termination. In her second point of error, Garza claims that the trial court erred in failing to enter judgment in her favor in accordance with the jury's verdict. We disagree.

■ Garza argues that her claim for common law wrongful termination is supported by two separate theories. First, Garza correctly argues that *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985), created a common law exception to the employment-at-will[1] doctrine that an employee cannot solely be terminated for refusing to perform an illegal act. In *Sabine Pilot*, the employee, a deckhand for Sabine Pilot, was instructed by the employer to pump the bilges into the water even though a placard on the boat stated that it was illegal to do such an act. *See id.* at 734. Upon confirmation from the United States Coast Guard that pumping the bilges into the water was illegal, he refused to perform the act. *See id.* Consequently, the employee was fired. *See id.* The trial court granted summary judgment in favor of the employer, which the court of appeals reversed. *See id.* The Texas Supreme Court affirmed and carved out the narrow illegal act exception to the employment-at-will doctrine. *See id.* at 735. In contrast to *Sabine Pilot*, Garza was not unacceptably forced to choose between risking criminal liability or being discharged from her livelihood. Thus, contrary to her argument, her case does not fall within the narrow confines of the *Sabine Pilot* exception. Moreover, it was Garza's burden to prove by a preponderance of the evidence that her discharge was for no reason other than her refusal to perform an illegal act, and she failed to meet that burden. *See id.* at 736.

Further, Garza argues that her situation is encompassed by an expanding interpretation of the illegal act exception as set out in *Johnston v. Del Mar Distributing Co.*, 776 S.W.2d 768 (Tex.App.—Corpus Christi 1989, writ denied). In *Del Mar*, the court recognized an extension of the *Sabine Pilot* exception by holding that it was irrelevant whether a requested act was illegal, and that the plaintiff must only show that she had a good faith belief that the act might be illegal. The employee in *Del Mar* was instructed by her employer to package a semi-automatic weapon for delivery and to label the contents of the package as "fishing gear." *See id.* at 769. Since the package was being shipped by the United Parcel Service ("U.P.S."), the employee was required to sign her name on the shipping documents. *See id.* The employee, however, was concerned that her actions might be in violation of some statutory firearm regulation or a U.P.S. regulation. She sought the advice of the United States Treasury Department Bureau of Alcohol, Tobacco and Firearms ("the Bureau"). *See id.* A few days after she contacted the Bureau, the employee was fired. *See id.* In the present case, Garza was not asked to perform any act, and thus, contrary to her argument, her case does not fall within the *Del Mar* exception.

■ Second, Garza requests us "to create and/or recognize a common law cause of action to protect the private whistleblower." Guided by a recent decision of the Texas Supreme Court, we decline to do so. *See Austin v. Healthtrust, Inc.*, 967 S.W.2d 400 (Tex.1998). In *Austin*, the supreme court held that "[b]ecause the Legislature has been so proactive in promulgating statutes that prohibit retaliation against whistleblowers in many areas of the private sector, we decline to recognize a common-law cause of action." *See id.* at 400. The court's rationale in refusing to recognize a common-law cause of action for private whistleblowers was grounded on the following rationale:

> We do not doubt that significant public policy interests are advanced when employers are prohibited from discriminating against employees who report violations of

---

1. It is well established in Texas that employment for an indefinite term may be terminated at will and without cause. *See Winters v. Houston Chronicle Pub. Co.*, 795 S.W.2d 723, 724 (Tex. 1990); *Sabine Pilot*, 687 S.W.2d at 734; *East Line & Red River R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888).

the law. However, the Legislature has enacted specific statutes to redress wrongful termination.[2] While we are not bound by the Legislature's policy decisions when we consider whether to create a common-law whistleblower action, 'the boundaries the Legislature has drawn do inform our decision.' ... Accordingly, rather than recognize a common-law cause of action that would effectively emasculate a number of statutory schemes, we leave to the Legislature the task of crafting remedies for retaliation by employers.

See id. at 403 (citation omitted) (footnote added); see also Winters v. Houston Chronicle Pub. Co., 795 S.W.2d 723, 723 (Tex.1990).

Based on the foregoing discussion, regardless of whether Garza properly pled a cause of action for common law wrongful termination and for a private whistleblower cause of action, she did not prove a common law cause of action for wrongful termination within the narrow confines of Sabine Pilot or Del Mar; and in view of the Austin decision, no common law cause of action exists for private whistleblowing. Points of error one and two are overruled.

### Point of Error Three

■ In her third point of error, Garza argues that the trial court erred in denying her trial amendment by which she sought to add a private whistleblower cause of action. It is well-established that a party may, with leave of court, amend his pleadings during the course of a trial, but before judgment. See Greenhalgh v. Service Lloyds Ins. Co., 787 S.W.2d 938, 940 (Tex.1990). The supreme court's decision in Austin, however, effectively makes this point of error moot. Because no cause of action for a private whistleblower exists in Texas, the trial court properly denied Garza's motion for leave to

file a trial amendment seeking to add such a claim. Point of error three is overruled.

The judgment of the trial court is affirmed.

---

**2.** Among those specific statutes is section 411.082 of the labor code which prohibits an employer from retaliating against an employee for using the Workers' Compensation Commission's toll-free telephone service to report, in good-faith, an alleged violation of an occupational health or safety law. Tex.Lab.Code Ann.

§ 411.082; see Austin, 967 S.W.2d at 402; see also Winters, 795 S.W.2d at 724 & n. 1. The record reflects Garza did not follow the proper procedure contained in this statute. Thus, her appeal focuses on the common law cause of action for private whistleblowing.