**Patrick G. CAMUNES and Josie Camunes, Appellants,**

v.

**FRONTIER ENTERPRISES, INC., Appellee.**

No. 04–00–00477–CV.

Court of Appeals of Texas, San Antonio.

Aug. 22, 2001.

Rehearing Overruled Oct. 1, 2001.

Melinda A. Gaul, Law Offices of Gaul & Dumont, San Antonio, for Appellant.

Donna K. McElroy, Larry E. Gee, Cox & Smith Inc., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, KAREN ANGELINI, Justices.

## OPINION

KAREN ANGELINI, Justice.

Patrick G. and Josie Camunes appeal the trial court's order granting Frontier Enterprises, Inc.'s motion for summary judgment. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

■ Patrick G. and Josie Camunes were employed by Frontier Enterprises, Inc. (hereinafter "Frontier") from 1976 until on or about September 25, 1996, when Frontier terminated their employment. The Camuneses subsequently brought suit for damages, alleging defamation of character, invasion of privacy, and wrongful termination of employment for their refusal to perform an illegal act. The Camuneses amended their original petition to allege that their terminations were solely in retaliation for inquiring as to whether they would be committing illegal acts by following Frontier's orders. Pursuant to Texas Rule of Civil Procedure 166a(b) and 166a(i), Frontier brought a summary judgment motion on all three causes of action.[1] The trial court granted summary judgment on all causes of action. The Camuneses appeal only on wrongful termination grounds.

### DISCUSSION

■ For well over a century, Texas courts have adhered to the traditional employment-at-will doctrine: "[W]hen the term of service is left to the discretion of either party, or the term left indefinite, or determinable by either party, ... either may put an end to it at will, and so without cause." *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (Tex.1888). The only judicially-created exception to the employment-at-will doctrine recognized by our state supreme court is "the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex.1985).

■ The Camuneses do not rely on *Sabine Pilot* but instead plead a cause of action under *Johnston v. Del Mar Distributing Co., Inc.*, which holds that "public policy prohibits the discharge of an em-

1. Frontier argues in its motion for summary judgment that the Camuneses' amended pleadings as pertaining to their wrongful termination of employment claim do not allege a legally valid cause of action. While the appropriate procedure for challenging the sufficiency of the pleadings is a special exception under Texas Rules of Civil Procedure 90 and 91, where the opposing party fails to complain to the trial court that the summary judgment motion is a wrongful attack on his pleading and is actually a special exception, the question may not be raised for the first time on appeal. *Hartsfield v. Wisdom*, 843 S.W.2d 221, 224 (Tex.App.—Amarillo 1992, writ denied); *Farrell v. Crossland*, 706 S.W.2d 158, 160 (Tex.App.—El Paso 1986, writ dism'd); *Portugal v. Jackson*, 647 S.W.2d 393, 394 (Tex.App.—Waco 1983, writ ref'd n.r.e.); TEX.R.APP. P. 52(a). Here, the Camuneses failed to object to Frontier's summary judgment on the ground that they should have had an opportunity to amend or that Frontier wrongfully raised the attack on their pleading by summary judgment rather than special exception.

ployee who in good faith attempts to find out if the [requested] act is illegal." *Johnston v. Del Mar Distrib. Co., Inc.* 776 S.W.2d 768, 771 (Tex.App.—Corpus Christi 1989, writ denied). *Del Mar* constitutes an expansion of the narrow exception articulated in *Sabine Pilot.* An employee alleging a cause of action under *Sabine Pilot* must prove by a preponderance of the evidence that the sole reason for his or her discharge is his or her refusal to perform an illegal act. *Sabine Pilot,* 687 S.W.2d at 735. An employee alleging a cause of action under *Del Mar,* on the other hand, need only prove by a preponderance of the evidence that he or she made a good-faith inquiry as to whether a requested act might be illegal. *Del Mar,* 776 S.W.2d at 771–772.

Although the Texas Supreme Court has not considered the issue raised in *Del Mar,* it has continually emphasized the narrowness of the exception articulated in *Sabine Pilot. See City of Midland v. O'Bryant,* 18 S.W.3d 209, 215 (Tex.2000); *Texas Dep't of Human Servs. v. Hinds,* 904 S.W.2d 629, 633 (Tex.1995); *Wornick Co. v. Casas,* 856 S.W.2d 732, 735 (Tex.1993); *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex.1991). Moreover, other courts of appeals have explicitly rejected *Del Mar* as an unlawful expansion of *Sabine Pilot. E.g., Mayfield v. Lockheed Engineering & Sciences Co.,* 970 S.W.2d 185, 187–88 (Tex.App.—Houston [14th Dist.] 1998, pet. denied); *Ran Ken, Inc. v. Schlapper,* 963 S.W.2d 102, 107 (Tex.App.—Austin 1998, pet. denied). We adopt the reasoning of these courts and hold that *Del Mar* is an unwarranted expansion of *Sabine Pilot.* Any decision to expand *Sabine Pilot* is better left to our state supreme court or the legislature. *See Thompson v. El Centro Del Barrio,* 905 S.W.2d 356, 359 (Tex.App.—San Antonio 1995, writ denied); *Hancock v. Express*

*One Intern., Inc.,* 800 S.W.2d 634, 636 (Tex.App.—Dallas 1990, writ denied).

Because the Camuneses' claim does not fall within a recognized exception to the employment-at-will doctrine, we conclude the trial court did not err in granting Frontier's motion for summary judgment.

### CONCLUSION

We overrule the Camuneses' sole issue and hold the trial court properly granted summary judgment in favor of Frontier Enterprises, Inc. The trial court's judgment is affirmed.