# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2025

Lyle W. Cayce
Clerk

No. 25-40021

James Gauthier,

*Plaintiff—Appellant*,

*versus*

Goodyear Tire & Rubber Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:23-CV-281

Before Higginbotham, Ho, and Douglas, *Circuit Judges*.
Per Curiam:[*]

James Gauthier was fired from Goodyear Tire & Rubber Company. Gauthier contends that he was fired because he refused to change a written statement to help Goodyear escape a regulatory fine. Because Gauthier cannot show his firing was retaliatory, we affirm the grant of summary judgment.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40021

## I.

James Gauthier was an employee at Goodyear's Beaumont, Texas plant. In the early hours of June 12, 2021, an alarm alerted to a leakage of hydrocarbon during one of Gauthier's shifts. Gauthier silenced this alarm and sent his team to investigate, but they were unable to detect the presence of hydrocarbon. Eventually, Gauthier discovered an open decanter valve, which can often lead to hydrocarbon leakage. Later that day, Gauthier and his team confirmed the presence of hydrocarbon. Although it's undisputed Gauthier and his team appropriately reported the open valve, the parties dispute whether Gauthier correctly reported the hydrocarbon leakage.

Two days after the leakage, another employee reviewed the logs from Gauthier's shift and discovered that the company's system clearly reflected a leak. She then reported the incident to Goodyear's human resources department, which began an investigation by asking for written statements of all involved. Goodyear reported the leak to the Texas Commission on Environmental Quality (TCEQ) less than 24 hours after the reporting employee discovered the incident, but more than 24 hours after the actual leak. TCEQ requires hydrocarbon leaks to be reported within 24 hours. 30 TEX. ADMIN. CODE § 327.3(b) (stating that leaks must be reported "as soon as possible but not later than 24 hours after the discovery of the spill or discharge").

After the employees' written statements were submitted, HR Manager Shalyn Bevil called Gauthier in for questioning. She claimed that Gauthier's responses conflicted with statements from other employees and inquired whether Gauthier was willing to change his statement. When he refused, Bevil moved on. Gauthier was later fired on June 17 for failing to report the leak and fabricating work orders to cover it up.

Gauthier sued Goodyear for wrongful termination, arguing that Goodyear fired him in retaliation for refusing to commit an illegal act. The district court granted summary judgment for Goodyear, finding there was no issue of material fact regarding whether Gauthier was asked to commit an illegal act. In the district court's view, Goodyear simply asked Gauthier if he was willing to change his statement, and in any event, changing a statement in an internal company investigation is legal. The district court further noted that no cover up could have been planned, as Goodyear had already submitted its report to TCEQ before it conducted its internal investigation.

Gauthier timely appealed. He argues that the district court applied the wrong standard to find whether an illegal act had been requested, and that the district court did not properly construe Texas law regarding the destruction of documents. He also argues that the district court misapplied the summary judgment standard to the facts at hand.

## II.

We review grants of summary judgment de novo. *Clark v. Dep't of Public Safety*, 63 F.4th 466, 469 (5th Cir. 2023). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Karna v. BP Corp. N. Am.*, 609 F. App'x 814, 817 (5th Cir. 2015) (citation omitted). "When considering summary judgment evidence, we must view all facts and inferences in the light most favorable to the nonmoving party," but "will grant summary judgment in any case where critical evidence is so weak . . . that it could not support a judgment in favor of the nonmovant." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (cleaned up). This court may consult the record to affirm summary judgment on different grounds than those relied on by the district court. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012).

There is no dispute that Gauthier was an at-will employee, and thus normally could be fired for any reason. *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659 (Tex. 2012). Therefore, this case turns on whether his firing falls under a judicially created exception to the at-will employment doctrine known as the *Sabine Pilot* exception. *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). To succeed on a *Sabine Pilot* claim, "the plaintiff must prove that: (1) [he] was required to commit an illegal act which carries criminal penalties; (2) [he] refused to engage in the illegality; (3) [he] was discharged; [and] (4) the sole reason for [his] discharge was [his] refusal to commit an unlawful act." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003). "It is implicit that in order to refuse to do an illegal act, an employee must either know or suspect that the requested act is illegal." *Johnston v. Del Mar Distrib. Co.*, 776 S.W.2d 768, 771 (Tex. App.—Corpus Christi 1989, writ denied).

Gauthier cannot establish that he refused to do an illegal act, and therefore he cannot make a case under *Sabine Pilot*. In his testimony, Gauthier admits that he did not suspect illegality at the time he refused to change his statement, and only later came to suspect an illegal purpose. In fact, Gauthier further admits that he did not know Goodyear would be fined by TCEQ until *after* he was interviewed by Bevil. Since Gauthier did not even suspect illegality at the time of his refusal, he cannot conceivably have refused to commit an illegal act. *Cf. Johnston*, 776 S.W.2d at 771.

Because we may affirm summary judgment on any grounds supported by the record, we need not address Gauthier's remaining arguments. *See Reed*, 701 F.3d at 438. We therefore affirm.